Jonathan M. Kagan v. Commissioner.
Kagan v. Commissioner
Docket No. 2069-67.
United States Tax Court
T.C. Memo 1969-118; 1969 Tax Ct. Memo LEXIS 177; 28 T.C.M. (CCH) 617; T.C.M. (RIA) 69118; June 16, 1969, Filed *177 Held, payments received by petitioner from St. Luke's Hospital Center during the taxable year 1965 represented taxable compensation for services rendered and do not fall within the exclusionary provisions of section 117(a) dealing with scholarship and fellowship grants. Wallace Musoff, for the respondent. HOYT
Memorandum Findings of Fact and Opinion HOYT, Judge: Respondent determined a deficiency in petitioner's income tax for 1965 in the amount *178 of $244. The sole issue presented for our decision is whether certain payments, in the total amount of $2,325.54, received by petitioner during 1965 while a medical trainee at St. Luke's Hospital Center, New York, New York, represented a 618 scholarship or fellowship grant so as to result in the exclusion of such payments under section 117(a) [1] from petitioner's income. Findings of Fact All of the facts have been stipulated. The stipulation of facts, together with the related exhibits, are incorporated herein by this reference. Jonathan M. Kagan, hereinafter referred to as "petitioner," resided in Mt. Vernon, New York, at the time the petition herein was filed. He filed his individual tax return for the taxable year 1965 with the district director of internal revenue for the Manhattan District, New York. At some time in either late 1963 or early 1964, petitioner was admitted to the Master of Science program in New York University's Department of Biology. The Master of Science degree at New York University requires 30 points of formal course work plus a thesis based on experimental work *179 on an approved research problem. The candidate must have a sponsor who will arrange his program of study and supervise the research. During the 1964-1965 school year, petitioner completed two courses, General Biochemistry and Biological Problems, each counting 6 points. Petitioner was also registered for an undergraduate course in mathematics. During the taxable year 1965, St. Luke's Hospital Center, New York, New York, paid petitioner $2,325.54 for his participation in research work as a medical trainee. The hospital withheld Federal income tax from each of the payments to petitioner. The amounts paid to petitioner were computed on an hourly basis. According to a letter from Robert G. Campbell, M.D., of St. Luke's Hospital Center's Department of Medicine, stipulated into evidence by the parties, none of the amounts paid to petitioner constituted either a scholarship or fellowship grant for educational purposes, but, instead, represented compensation paid on an hourly basis for services rendered to the hospital. On Form W-2 furnished to petitioner by the Hospital Center for 1965 and attached to petitioner's income tax return for that year, wages of $2,325.54 subject to withholding *180 are shown and Federal income tax withheld of $256.73 was reported. In November of 1965, Robert B. Zurier and two other doctors of the Department of Medicine of St. Luke's Hospital Center published an article entitled "Effect of Medium Chain Triglyceride On Cholestyramine-Induced Steatorrhea In Man." Petitioner participated in technical assistance in connection with the research that formed the basis for that article. In his income tax return for the taxable year 1965, petitioner excluded the $2,325.54 paid to him by St. Luke's Hospital Center with the explanation that such amounts were paid under scholarship and fellowship grants. In his notice of deficiency to petitioner with respect to the taxable year 1965, respondent determined that the amounts paid by St. Luke's Hospital Center to petitioner were not excludable from his income. Ultimate Findings of Fact The amounts received by petitioner from St. Luke's Hospital Center during the taxable year 1965 represented compensation for services rendered to such hospital and did not, in any part, constitute payments under a scholarship or fellowship grant. Opinion The sole issue presented for our decision is whether the payments *181 received by petitioner during 1965, while a medical trainee at St. Luke's Hospital Center, represented a scholarship or fellowship grant under the exclusionary provisions of section 117(a), or compensation for services rendered to the hospital, taxable under section 61(a)(1). Section 117(a) provides, in pertinent part, as follows: SEC. 117. SCHOLARSHIPS AND FELLOWSHIP GRANTS. (a) General Rule. - In the case of an individual, gross income does not include - (1) any amount received - (A) as a scholarship at an educational institution (as defined in section 151(e) (4)), or (B) as a fellowship grant, * * * A payment will be considered to be a scholarship or fellowship grant for the purpose of section 117(a) if the primary purpose of the studies or research is to further the education and training of the recipient in his 619 individual capacity. Section 1.117-4(c) of the Income Tax Regs.; Aloysius J. Proskey, 51 T.C. 918 (1969). If, however, a payment represents compensation for employment services rendered or for services which are subject to the supervision of the grantor, it is not excludable as a scholarship or fellowship grant. *182 Id. It is petitioner's burden to show that the payments in question come within the exclusionary provisions of section 117(a). Before the exclusion applies there must be a determination that the payment in question has the normal characteristics of a scholarship grant. Elmer L. Reese, Jr., 45 T.C. 407, affirmed per curiam 373 F. 2d 742 (C.A. 4, 1967). His only contentions with respect to the characterization of these payments are found in his petition for redetermination of the deficiency determined by respondent, which are denied by respondent's answer. In essence, petitioner contends that the amounts paid to him qualify as scholarship or fellowship grants because he, as a medical trainee assisting in laboratory research work, was not performing any significant services for the hospital as a condition to receiving such amounts. These allegations are not supported by any evidence of record. Petitioner has failed to supply us with any facts to sustain his contentions that the payments in question were excludable under section 117(a). On the contrary, the few facts that are of record point quite clearly to the conclusion that the amounts received by petitioner *183 represented taxable compensation for services rendered to St. Luke's Hospital Center by petitioner in 1965. The payments were computed on an hourly basis. This is hardly indicative of a scholarship or fellowship grant-type payment, but, to the contrary, is highly characteristic of compensation for services rendered. We also note that the payments by the hospital were treated as being subject to Federal withholding tax, and were reported as wages paid for services rendered. Robert G. Campbell, M.D., of the Department of Medicine of St. Luke's Hospital Center states in no uncertain terms in a written statement stipulated by the parties that none of the amounts paid to petitioner constituted either a scholarship or fellowship grant for educational purposes, and that such amounts represented compensation paid on an hourly basis for services rendered to the hospital. As such, the payments were not entitled to exclusionary treatment under Treasury Regulations section 1.117-4(c) recently upheld by the Supreme Court as a valid interpretation of section 117. Bingler v. Johnson, 394 U.S. 741 (April 23, 1969). On the record presented we hold that the *184 amounts in question represented taxable compensation paid to petitioner for services rendered in 1965. Petitioner has utterly failed to establish that he held or was awarded a scholarship or fellowship grant in 1965 or that the disputed payments qualify for the exclusionary treatment provided for by section 117(a). Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩